IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

**Plaintiff**

v.

ONE (1) ROPE CHAIN NECKLACE, 24 ½
INCHES LENGTH; ONE (1) DIAMONDS
TENNIS NECKLACE CONTAINS 225
BRILLIANT SHAPE, 27 INCHES LONG;
ONE (1) GUCCI GRAMMY AWARDS
SPECIAL EDITION; and $612.00 IN U.S.
CURRENCY,

**Defendants.**

CIVIL NO. 20-

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

TO THE HONORABLE COURT:

COMES NOW, plaintiff, the United States of America, by and through its undersigned

attorneys, W. Stephen Muldrow, United States Attorney for the District of Puerto Rico and Héctor

E. Ramírez-Carbó, Assistant United States Attorney, Chief Civil Division, brings this complaint

and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil

Procedure.

NATURE OF THE ACTION

1. This is a civil action in rem brought to enforce the provisions of Title 21, United States

   Code, Sections 841, 846, 860 and 881(a)(6) and Title 18, United States Code, Section 1956.

1

DEFENDANT <u>IN REM</u>

2. The defendant properties seized by an officer of the Federal Bureau of Investigation ("FBI"), consist of: ONE (1) ROPE CHAIN NECKLACE, 24 ½ INCHES LENGTH; ONE (1) DIAMONDS TENNIS NECKLACE CONTAINS 225 BRILLIANT SHAPE, 27 INCHES LONG;  ONE (1) GUCCI GRAMMY AWARDS SPECIAL EDITION; and $612.00 IN U.S. CURRENCY.

JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States pursuant to Title 28 <u>United States Code</u>, Section 1345; over an action for forfeiture pursuant to Title 28, <u>United States Code</u>, Section 1355; and over this particular action pursuant to Title 21, <u>United States Code</u>, Sections 841, 846, 860 and 881(a)(6) and Title 18, <u>United States Code</u>, Section 1956.

4. This Court has in rem jurisdiction over the defendant properties pursuant to Title 28, <u>United States Code</u>, Section 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and Section 1355(b)(1)(B) (the defendant properties is found in this district).

5. Venue is proper in this district pursuant to Title 28, <u>United States Code</u>, Section 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and Section 1395 (the defendant properties is found in this district).

BASIS FOR FORFEITURE

6. This is a civil action <u>in rem</u> brought to enforce the provisions of Title 21, <u>United States Code</u>, Section 841 (Unlawful acts), 846 (Attempt and conspiracy), 860 (Distribution or

2

manufacturing in or near schools and colleges), and 881(a)(6) (All moneys, negotiable, instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this chapter); and Title 18, United States Code, Section 1956 (Laundering of monetary instruments).

## FACTS

7. The facts and circumstances supporting the seizure and forfeiture of the defendant properties are contained in the Title 28, United States Code, Section 1746 unsworn declaration of the Federal Bureau of Investigation ("FBI"), Special Agent, Alex Castro attached hereto, and incorporated herein as if fully stated.

## CLAIM FOR RELIEF

WHEREFORE, the United States of America prays that a warrant of arrest for the defendant properties be issued; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant properties condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court

[INTENTIONALLY BLANK]

3

may deem just and proper, together with the costs and disbursements of this action.

      RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this _____th day of _____, 2020.

                     W. STEPHEN MULDROW
                     United States Attorney


                     s/Héctor E. Ramírez-Carbó
                     Héctor E. Ramírez-Carbó
                     Assistant U.S. Attorney
                     Chief Civil Division
                     USDC-PR-NO. 214902
                     UNITED STATES ATTORNEY'S OFFICE
                     Torre Chardón, Suite 1201
                     350 Carlos Chardón Street
                     San Juan, Puerto Rico 00918
                     Phone Number: (787)766-5656
                     Hector.E.Ramirez@usdoj.gov

## VERIFIED DECLARATION

I, Héctor E. Ramírez-Carbó, Assistant U.S. Attorney, Chief Civil Division for the District of Puerto Rico, declare under penalty of perjury as provided by Title 28, United States Code, Section 1746, the following:

That the foregoing Complaint is based on reports and information furnished to me by the Federal Bureau of Investigation ("FBI"); that everything contained therein is true and correct to the best of my knowledge and belief.

Executed in San Juan, Puerto Rico, this _2_ th day of January, 2020.


S/Héctor E. Ramírez-Carbó
Héctor E. Ramírez-Carbó
Assistant U.S. Attorney
Chief Civil Division


## VERIFIED DECLARATION

I, Alex Castro, Special Agent, FBI, declare as provided by Title 28, United States Code, Section 1746, the following:

I have read the contents of the foregoing Complaint for Forfeiture in Rem and the attached unsworn declaration thereto, and I find the same to be true and correct to the best of my knowledge and belief.   I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico, this _2_ day of JANUARY, 2020.


Alex Castro, Special Agent
Federal Bureau of Investigation ("FBI")

## UNSWORN DECLARATION IN SUPPORT OF FORFEITURE COMPLAINT
### INTRODUCTION

Pursuant to Title 28, United States Code, Section 1746, I, Alex Castro, Special Agent, of the United States Department of Justice, Federal Bureau of Investigations (FBI), I declare under penalty of perjury that the foregoing is true and correct:

### PROFESSIONAL BACKGROUND

I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). I am, therefore, an officer who is empowered to conduct criminal investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

I have been a Special Agent with the FBI since May 2016. As a Special Agent of the FBI, I have been sworn to enforce the laws of Title 21, United States Code, and related offenses under Title 18, United States Code. I received over 18 weeks of training at the FBI Academy at Quantico, Virginia. During which, I was trained on basic and advanced techniques to investigate violent gangs. Prior to attending the FBI Academy, I served as a Police Officer with the Hillsborough County Sheriff's Office from 2009 to 2012 and the Tampa Police Department from 2012 to 2016, in Tampa, Florida. During my service, I conducted a plethora of criminal investigations as a patrolmen. Many of those investigations dealt with violent gangs, violent crimes, etc.

Since graduating from the FBI Academy, I was assigned to the San Juan Division's (SJD) East Resident Agency (ERA). During my time in the ERA, I was responsible for investigating violations of federal code embodying violent crime, firearm violations, and narcotic violations with regards to violent gangs. In 2019, I was reassigned to the SJD's Criminal Enterprise Squad

1

(CE-4). The squad's mission is to operate under the Safe Streets Task Force initiative to combat local and regional violent crime and its associated activities with a focus on violent gang members.

In my training and experience, I have learned that narcotics trafficking is an overwhelming lucrative illegal activity. I have specifically learned through other law enforcement personnel, active investigations, and training, that narcotics such as cocaine, heroin, and marijuana enter the Puerto Rico region from other countries and territories. The countries include Columbia, Venezuela, Dominican Republic, and the territories include the United States Virgin Islands, the British Virgin Islands, and Puerto Rico. Moreover, narcotics proceeds are also transported between these supply countries and territories.

During my law enforcement career, I have received detailed instruction and conducted various complex conspiratorial investigations concerning the unlawful importation and distribution of narcotics; the laundering and concealment of drug proceeds; and the illegal use of communication facilities by drug traffickers in furtherance of their criminal activities.

This Unsworn Declaration is submitted in support of a Civil Forfeiture Complaint, for the Forfeiture of assorted jewelry and United States currency with an estimated monetary value of $31,636.00. Therefore, I have not set forth each and every fact learned during the course of this investigation.

### PROPERTY TO BE FORFEITED

ONE (1) ROPE CHAIN NECKLACE, 24 ½ INCHES LENGTH; ONE (1) DIAMONDS TENNIS NECKLACE CONTAINS 225 BRILLIANT SHAPE, 27 INCHES LONG; ONE (1) GUCCI GRAMMY AWARDS SPECIAL EDITION; and $612.00 IN U.S. CURRENCY.

## **BASIS FOR FACTS CONTAINED IN THIS UNSWORN DECLARATION**

I make this unsworn declaration, on information and determinations derived from oral and/or written reports and documents about this and other federal agents or officers of the FBI, Drug Enforcement Agency (DEA), Police of Puerto Rico (POPR), San Juan Police Department, and other local and federal law enforcement officers and/or their agencies:

1. Since the year 2015, the Federal Bureau of Investigation (FBI) jointly with the Drug Enforcement Administration (DEA) and Police of Puerto Rico – San Juan Strike Force (POPR-SJSF) have been conducting an investigation related to a violent gang operating within Barrio Obrero, San Juan, Puerto Rico. As a result of the ongoing violent and drug trafficking criminal activities in the area, officers of the POPR-SJSF have corroborated the presence of several drug distribution points operating in the area. Evidence seized by the FBI, DEA, and POPR-SJSF on different instances have corroborated the presence of weapons and illegal drugs being sold within this area.

2. On February 20, 2019, ANTHONY GONZALEZ MIRANDA (Gonzalez), was federally indicted for Title 21, United States Code, Sections 841(a)(1), 846 and 860. *See* USA v. [29] Anthony González-Miranda, Criminal Case Number 19-121 (GAG). Post indictment, Gonzalez was a federal fugitive for almost five (5) months, up until his arrest with another co-conspirator, on July 18, 2019, at the Gold Drink (Sports Lounge) in San Juan, Puerto Rico. The POPR and the United States Marshal's Service (USMS) located Gonzalez and executed the arrest of the same. Upon Gonzalez's arrest, the following items were found on his person: $612.00 U.S. currency and Miscellaneous Jewelry (One (1) Rope Chain Necklace, 24 ½ Inches Length; One (1) Diamonds Tennis Necklace Contains 225 Brilliant

Shape, 27 Inches Long;  One (1) Gucci Grammy Awards Special Edition) Appraised At $31,024.00.

3. Since the arrest of Gonzalez, a records check was performed by the FBI through the Puerto Rico Department of Treasury. The records indicated Gonzalez has never filed tax returns in the commonwealth of Puerto Rico.  However, during 2015 and 2016, Gonzalez received miscellaneous income in W-2 from "Valera Parking Services, Inc." for $4,304.00 and "Municipio de San Juan" for $1,065.00. Also, a records check within the Puerto Rico Electronic Lottery was completed on behalf of Gonzalez and revealed negative results for any winnings.

4. Furthermore, several cooperating federal government sources have identified Gonzalez, also known as (aka) "SALAMI," as an individual who regularly packages and transports kilogram quantities of cocaine to the United States from Puerto Rico. Once in the U.S., Gonzalez would facilitate the sale of said cocaine and returning the monetary proceeds back to Puerto Rico to further the organization's illegal drug activity.

5. In August of 2018, the Pennsylvania State Police (PSP) intercepted a package sent through the United States Postal Service (USPS) containing two (2) kilograms of cocaine sent from Puerto Rico. The PSP executed a controlled delivery at 149 Wilson St. Apt. 102, Middltown, PA 17057. The search resulted in the seizure of a firearm, drug packaging material, drug cutting agents, miscellaneous paraphernalia, and $23,000.00 U.S. Currency. The PSP located several items of indicia in the form of mail, identifying Gonzalez as a resident of the aforementioned apartment.

6. PSP arrested individuals identified as family members of Gonzalez. Interviews of said family members by PSP officers revealed that Gonzalez lived at the aforementioned

address and stayed in the bedroom where the package material containing the cocaine used in the control delivery was found along with the drug cutting agent, drug paraphernalia, and packaging material.

7. On July 18, 2019, FBI Agents interviewed Gonzalez, Post-Miranda. Gonzalez informed agents that he was unemployed at the time of his arrest and that he had recently moved to Puerto Rico from 149 Wilson St. Apt. 102. Gonzalez advised he had lived at said apartment from 2017, after Hurricane Maria (September 20, 2017), up until approximately March of 2019.

8. On October 18, 2018, FBI Agents executed a federal search warrant at Urbanization Las Haciendas, Calle Camino Largo #88, Canovanas, Puerto Rico 00729, identified by the FBI as being rented by two of Gonzalez's co-conspirators. The search revealed a drug ledger with Gonzalez's aka, "SALAMI." The drug ledger appeared to associate Gonzalez and another co-conspirator with six figure amounts believed to be related to illegal drug activity.

Based on my training, experience, and this investigation, I determined the attached US currency and valuables, that is, The ONE (1) ROPE CHAIN NECKLACE, 24 ½ INCHES LENGTH; ONE (1) DIAMONDS TENNIS NECKLACE CONTAINS 225 BRILLIANT SHAPE, 27 INCHES LONG; ONE (1) GUCCI GRAMMY AWARDS SPECIAL EDITION; and $612.00 IN U.S. CURRENCY are forfeitable as proceeds of a drug trafficking offense, pursuant to Title 21, United States Code, Sections 841(a)(1), 846, 860 and 881 and money laundering transaction, as per Title 18, United States Code, Sections 1956(a)(1)(B)(i), (ii).

Sworn and signed under penalty of perjury, pursuant to Title 28, United States Code, Section 1746, San Juan, Puerto Rico this 2nd day of January, 2020.

Alex Castro, Special Agent
Federal Bureau of Investigation

✎JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

UNITED STATES OF AMERICA

## DEFENDANTS

US v.  ONE (1) ROPE CHAIN NECKLACE, 24 ½ INCHES LENGTH, et al.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Héctor E. Ramírez-Carbó, AUSA, 350 Carlos Chardon Ave, Suite 1201, Hato Rey, PR  00918

Attorneys (If Known)

## II.  BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☒ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                              and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☒ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General |  | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other |  |  | Under Equal Access |
|  | Employment | ☐ 550 Civil Rights |  |  | to Justice |
|  | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of |
|  | Other |  |  |  | State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |  |

In TORTS column, PERSONAL INJURY sub-header:
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

## V.  ORIGIN   (Place an "X" in One Box Only)

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Title 21, U.S.C. Sections 841, 846, 860, and 881(a)(6) and Title 18, USC, Section 1956.

## VII.  REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $     only if demanded in complaint:

JURY DEMAND:  ☐ Yes  ☐ No

## VIII.  RELATED CASE(S)
IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE

January 2, 2020

SIGNATURE OF ATTORNEY OF RECORD

s/Héctor E. Ramírez-Carbó

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT                 APPLYING IFP                  JUDGE                 MAG. JUDGE



# United States District Court *for the* District of Puerto Rico

## CATEGORY SHEET

1. Title of Case (Name of first party on each side only)

   US v.  ONE (1) ROPE CHAIN NECKLACE, 24 ½ INCHES LENGTH, et al.

2. Category in which case belongs: (See Local Rules)

   | X | |
   |---|---|

   _____  ORDINARY CIVIL CASE     CIVIL FORFEITURE
   _____  SOCIAL SECURITY
   _____  BANK CASE
   _____  INJUNCTION

3. Title and number, if any, of related cases (See Local Rules)

   _____
   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this Court?

   ☐   YES          X   NO

5. Is this case required to be heard and determined by a District Court of three judges pursuant to Rule 28 U.S.C. 2284?

   ☐   YES          X   NO

6. Does this case question the constitutionality of a state statute (FRCP 24)?

   ☐   YES          ☑   NO

   (Please Print)

   USDC ATTORNEY'S ID NO.        214902

   ATTORNEY'S NAME:              HECTOR E. RAMIREZ-CARBO

   MAILING ADDRESS:             TORRE CHARDON, SUITE 1201, 350 CARLOS CHARDON AVE

                                HATO REY  PR          ZIP CODE   00918

                                787-766-5656
   TELEPHONE NO.